UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John E. LaFratta

    v.                                              Civil No. 16-cv-510-JD
                                                      Opinion No. 2017 DNH 007

Select Portfolio Servicing, Inc.


O R D E R

John LaFratta, who is proceeding pro se, brought suit in state court against Select Portfolio Servicing, Inc. ("SPS"). SPS removed the case to this court and has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). LaFratta did not respond to the motion to dismiss.

## Standard of Review

In considering a motions under Rule 12(b)(6), the court takes the factual allegations in the complaint as true and draws reasonable inferences from those facts in favor of the plaintiff's claims. Sanders v. Phoenix Ins. Co., 843 F.3d 37, 42 (1st Cir. 2016). Based on the properly pleaded facts, the court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the facts as pleaded, taken in the context of the complaint and in light of "judicial experience and common sense," allow the court

to draw "the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

## Discussion

In the complaint, LaFratta alleges that that SPS is a debt collector, that SPS received his mortgage payments owed to J.P. Morgan Chase Bank, that he contacted SPS more than 60 times to pay his debt owed to J.P. Morgan Chase Bank, and that SPS refused his payments.  LaFratta seeks $500,000 in damages.  SPS moves to dismiss the complaint on the grounds that LaFratta has not alleged sufficient facts to support a cause of action and that to the extent LaFratta intended to bring a breach of contract claim, it fails.  Because LaFratta did not respond to the motion to dismiss, he has not provided any insight into what claim or claims he intended to bring in his complaint.

Under New Hampshire law, a breach of contract claim requires a valid and enforceable contract between the parties and a breach of the contract by the defendant. Mudge v. Bank of Am., N.A., 2015 WL 1287476, at *2 (D.N.H. Mar. 25, 2015).  The few facts that LaFratta alleges in his complaint do not suggest a contract between LaFratta and SPS.  According to the complaint, his mortgage was with J.P. Morgan Chase Bank, not

SPS.  LaFratta does not allege that he had entered any agreement with SPS or that SPS owed him a contractual duty.

In some circumstances, mortgage servicers may have certain statutory duties and obligations.  See, e.g., Gasparik v. Fed. Nat'l Mortg. Ass'n, 2016 WL 7015672, at *6 (D.N.H. Dec. 1, 2016); Dionne v. Fed. Nat'l Mortg. Ass'n, 2016 WL 6892465, at *4-*5 (D.N.H. Nov. 21, 2016); Hamilton v. Fed. Home Loan Mortg. Corp., 2014 WL 4594733, at *20 (D. Me. Sept. 15, 2014).  A mortgage servicer's actions might also support state law causes of action.  See, e.g., Leon v. Ocwen Servicing, 2016 WL 4575314, at *3 (D. Mass. Sept. 1, 2016); Saade v. Pennymac Loan Servs., LLC, 2016 WL 4582083, at *7 (D. Mass. Aug. 31, 2016).

LaFratta, however, has not raised statutory or common law claims and has not alleged facts to support any such claims. Therefore, LaFratta has not alleged a claim on which relief may be granted.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 3) is granted.  The complaint is dismissed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*[signature: Joseph A. DiClerico, Jr.]*
Joseph DiClerico, Jr.
United States District Judge

January 10, 2017

cc: John E. LaFratta, pro se
    William P. Breen, Esq.